UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SANDY EDWARDS, | Case No. 25-CV-2624 (PJS/SGE) |
| Plaintiff, | |
| v. | ORDER |
| SUN COUNTRY, INC., d/b/a Sun Country Airlines; AEROSPACE ROTABLES, INC., a Florida Corporation, | |
| Defendants. | |

---

Stephen P. Watters, WATTERS LAW OFFICE, for plaintiff.

Mark A. Dombroff and Elliot T. Moormann, FOX ROTHSCHILD LLP, for defendant Sun Country, Inc.

This action arises out of a February 4, 2022, incident in which a flight operated by defendant Sun Country, Inc. ("Sun Country") made an emergency landing at the Las Vegas airport. Plaintiff Sandy Edwards, a passenger on the flight who was allegedly injured during the incident, filed this action in state court alleging state-law claims of negligence, breach of contract, and product liability against Sun Country.

Sun Country removed the action to federal court, arguing that, because the maintenance, inspection, service, testing, repair, certification, and operation of commercial aircraft is the subject of comprehensive federal regulation, this case necessarily raises a "substantial federal question" under *Grable & Sons Metal Products,*

*Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005). *See also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (under *Grable,* there is federal-question jurisdiction if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress").

The Court disagrees. Sun Country has not identified any "actually disputed" issue of federal law; instead, it has simply identified the federal regulations under which, it says, its conduct must be judged. This case is indistinguishable from *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007), in which the Seventh Circuit explained that a case involving merely "a fact-specific application of rules that come from both federal and state law" does not meet *Grable*'s test. *See also id.* at 912 ("No court of appeals has held either before or after *Grable* that the national regulation of many aspects of air travel means that a tort claim in the wake of a crash 'arises under' federal law."); *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006) (explaining that jurisdiction under *Grable* did not exist where the plaintiff's claim was "fact-bound and situation-specific").

The Court fully agrees with the analysis in *Bennett* and rejects Sun Country's argument that this case fits within the category of federal-question cases identified in *Grable*. Edwards's motion to remand is therefore granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand [ECF No. 12] is GRANTED.

2. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Minnesota District Court, Fourth Judicial District.

Dated:  September 15, 2025                /s/ Patrick J. Schiltz
                                                          Patrick J. Schiltz, Chief Judge
                                                          United States District Court